BARRY J. PORTMAN
Federal Public Defender
JEROME E. MATTHEWS
Assistant Federal Public Defender
555 - 12th Street
Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant CHAD HOLSTE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR-04 08 70022 WDB |
|---|---|---|
| Plaintiff, | ) | CHAD HOLSTE'S OPPOSITION TO EMERGENCY MOTION TO STAY RELEASE ORDER PENDING RECONSIDERATION |
| vs. | ) | |
| CHAD HOLSTE, | ) | Date: January 28, 2008 |
| Defendant. | ) | Time: 10:00 a.m. |
| | ) | Courtoom: 4 |

**1. Preliminary Statement**

The government claims that postings on Chad Holste's MySpace webpage are tantamount to clear and convincing evidence that he is so dangerous that no conditions would assure the safety of the community. Mr. Holste suggests that the government's evidence, wholly unrelated to the charged federal offense, shows nothing of the sort and that the agreed conditions of Mr. Holste's release satisfy the provisions of the Bail Reform Act. He therefore requests that the Court release him from custody.

**2. Argument**

Mr. Holste does not contest that the postings cited by the government appear on his web

OPP TO STAY OF REL ORDER        1

1  page. But what, if anything, do they signify? Some are provocative, some are mere observations
2  of the human condition, and all appear to be stream-of-consciousness. Notably, Mr. Holste had
3  been listening to a popular band called "Manowar" at the time of the latest posting, and
4  specifically an album called "Warriors of the World." The album seems to focus on a universal
5  and familiar theme: young adults rebelling against authority. That the album's sentiments may
6  have inspired some non-specific, random musings by Mr. Holste scarcely rises to the level of
7  clear and convincing evidence that he is a danger to the community such that the present
8  conditions of his release are inadequate.

9        A bail hearing obviously is not a criminal trial, and Mr. Holste does not suggest that a
10  trial's limitations are applicable here. Nonetheless, the government is treading perilously close to
11  First Amendment concerns when it states that thoughts Mr. Holste has chosen to share with his
12  MySpace community betray danger to the community at large. To paraphrase Judge Kleinfeld's
13  thoughtful dissent in *United States v. Curtin*, 489 F.3d 935 (9th Cir. 2007), in which defendant
14  was convicted of traveling across state lines to have sex with a minor and reading material was
15  introduced to prove his intent:

> Our freedom to read and think requires a high wall restricting official scrutiny. . . . [Defendant]'s stories are not a how-to manual. They are fantasy. Fantasy is not reality. . . . Barring exceptional circumstances, such as instructions on how to commit a crime otherwise hard to accomplish, used against one who accomplished it, what people read or fantasize about should not be used to prove what they intend to do.

*Curtin*, 489 F.3d at 961 (Kleinfeld, Pregerson, Kozinski, Thomas and Berzon, JJ., dissenting).

      Mr. Holste also notes that the proffered "evidence" is unrelated to the charged conduct. At least one court has held that the government's allegation of danger must relate to the federal case, not some abstract notion that the defendant is dangerous. *See United States v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988) ("[w]e do not think that the provisions of the Bail Reform Act were meant to be invoked [for matters] unconnected to the federal proceeding that has given rise to

1  defendant's bail hearing.").

2      The Court has imposed a number of stringent conditions upon a young college student

3  who not only has no criminal history but also has parents who have pledged their home and

4  promised to act as his custodian.  These conditions include electronic monitoring of his

5  movements, preventing his access to firearms, and mental health counseling.  The Bail Reform

6  Act requires no more than this.  For these reasons, Mr. Holste respectfully requests that the Court

7  release him under the conditions to which the parties previously agreed.

8

9  Dated: January 25, 2008

10                 Respectfully submitted,

11                 BARRY J. PORTMAN
                  Federal Public Defender

12

13                     /S/

14                 JEROME E. MATTHEWS
                  Assistant Federal Public Defender

15

16

17

18

19

20

21

22

23

24

25

26